**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4002-12-CR-C-NKL |
| | ) | |
| OLAN DANIEL GEORGE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and W.D. Mo. R. 22.

On December 4, 2006, a hearing was held on the respective motions for bills of particulars, severance; disclosure of confidential informants, and suppression filed by defendants Cyrus Pope, Douglas Comstock, Calvin Corley and Olan George. Cyrus Pope appeared in person and was represented by counsel Michael Gorla. Douglas Comstock appeared in person and was represented by counsel Kimberly Shaw. Calvin Corley appeared in person and was represented by counsel Bryan Scheiderer. Olan George appeared in person and was represented by counsel Stan Clay.

Defendant George's motion requesting the court to sever his case from that of the other defendants was addressed at the hearing.

*Motion for Severance*

Defendant George filed a motion for severance, arguing that the court should sever his case from that of the other defendants because he is only charged in three of the twenty-seven counts of the indictment and thus, is improperly joined under Fed. R. Crim. P. 8(b). Defendant alternatively argues for severance under Fed. R. Crim. P. 14(a) for the reason that forcing him to trial with the other defendants will deprive him of a fair trial.

Rule 8(b) states that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same

series of acts or transactions constituting an offense or offenses."  When defendants are indicted together, pursuant to Rule 8(b), there is a preference for joint trials.  Zafiro v. United States, 506 U.S. 534, 537 (1993); United States v. Ruiz, 446 F.3d 762, 772 (8th Cir. 2006).  Joint trials promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.  Zafiro v. United States, 506 U.S. at 537.  However, Rule 14 recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government.  Id. at 538.  Rule 14 provides:  "If it appears that a defendant or the government is prejudiced by a joinder of . . . defendants . . . for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

In interpreting Rule 14, "mutually antagonistic" or "irreconcilable" defenses may be determined to be so prejudicial, in some circumstances, as to mandate severance.  Id.  However, mutually antagonistic defenses are not prejudicial per se.  Id.  Further, Rule 14 does not require severance even if prejudice is shown, but rather, allows for the tailoring of the relief granted, if any, to the discretion of the district court.  Id. at 538-39.  Often less drastic measures than that of severance, such as limiting instructions to the jury, are sufficient to cure a risk of prejudice.  Id.

Defendant George is charged in a multi-count indictment.  In Count One, he is charged jointly with eleven codefendants with conspiracy to distribute and possess with the intent to distribute marijuana and cocaine.  In Counts Twenty-one and Twenty-six, he is charged with using a telephone to facilitate the commission of the crime of conspiracy to distribute and possess with the intent to distribute marijuana.

The fact that defendant is not charged in all counts of the indictment does not mean he is improperly joined, pursuant to Rule 8(b).  The charges against all defendants in the indictment relate to the same series of acts constituting the offenses for which they are charged.  Defendant George and numerous other defendants have been properly joined and indicted, pursuant to Rule 8(b), on conspiracy charges related to distribution and possession of marijuana and cocaine.

Further, separate trials are not required just because a defendant did not participate in all aspects of the conspiracy.  United States v. Kaminski, 692 F.2d 505, 520 (8th Cir. 1982).  To show prejudice requiring severance, pursuant to Rule 14, a defendant must demonstrate that the jury would be unable to compartmentalize the evidence as it relates to the separate defendants.

2

United States v. Ruiz, 446 F.3d at 772.  Defendant George can point to no specific items of prejudice, such as an interlocking confession, which cannot be handled by an appropriate limiting instruction to a jury.  Zafiro v. United States, 506 U.S. at 540.  Defendant George's argument that it is unfair for him go to trial with other allegedly more culpable defendants in the conspiracy indictment fails to allege prejudice requiring severance.  Persons charged in a conspiracy are generally tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts.  United States v. O'Meara, 895 F.2d 1216, 1218 (8th Cir. 1990); see also United States v. Searing, 984 F.2d 960, 965 (8th Cir. 1993) (in the context of a conspiracy, severance will rarely, if ever, be required).  Further, defendant George is not entitled to severance merely because he may have a better chance of acquittal in separate trials.  Id. at 540.

This court finds no special issue of prejudice has been raised by defendant which makes this case different from any other multi-defendant drug conspiracy case that goes to trial.

IT IS, THEREFORE, RECOMMENDED that defendant George's motion for severance be denied.  [211]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days.  If additional time is needed, a motion for an extension of time must be filed within ten days.  The motion should state the reasons for the request.  See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983).  Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 26th day of March, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge