# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4002-12-CR-C-NKL |
| | ) | |
| OLAN DANIEL GEORGE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and W.D. Mo. R. 22.

On December 4, 2006, a hearing was held on the respective motions for bills of particulars, severance; disclosure of confidential informants, and suppression filed by defendants Cyrus Pope, Douglas Comstock, Calvin Corley and Olan George. Cyrus Pope appeared in person and was represented by counsel Michael Gorla. Douglas Comstock appeared in person and was represented by counsel Kimberly Shaw. Calvin Corley appeared in person and was represented by counsel Bryan Scheiderer. Olan George appeared in person and was represented by counsel Stan Clay.

Defendant George's motion requesting the court to order the Government to reveal the identity of confidential sources and informants and plea agreements and/or inducements given was addressed at the hearing. All witnesses for the Government have been or will be identified prior to trial.

*Motion to Reveal the Identity of Confidential Sources and Informants*
*and Plea Agreements and/or Inducements Given*

Defendant has failed to show that disclosure, prior to the time required by the Jencks Act, 18 U.S.C. § 3500, of confidential informants or "implanted infiltrators," is necessary to ensure a fair trial, or is beneficial to defendant's defense. Defendant has raised no specific issue, such as entrapment, which would justify or necessitate an earlier disclosure of such individuals. The Constitution does not require that prosecutors disclose the identity of confidential informants in

every case.  McCray v. Illinois, 386 U.S. 300 (1967).  To justify the compelled disclosure of a confidential informant's identity, a defendant must show that his right to the information outweighs the Government's traditional privilege to withhold it.  Roviaro v. United States, 353 U.S. 53, 59-62 (1957).  "In order to override the Government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991).  An informant's testimony is material if it is necessary to ensure a fair trial or is relevant and helpful to the defense theory or the case.  Id.  Under this standard, the identity of a "tipster" whose observations formed the basis for a search warrant but who will not be a witness at trial is not subject to compulsion.  United States v. Moore, 129 F.3d 989, 992 (8th Cir. 1997).  In a motion to compel disclosure of a confidential informant, the defendant bears the burden of demonstrating a need for disclosure.  Id. (citing Roviaro v. United States, 353 U.S. 53, 59 (1957)).  Defendant George has failed to show that the confidential informants, who will not testify for the Government, have any evidence which is material to any issue in this case.

Based upon the foregoing, the law does not require the Government to disclose confidential informants prior to trial.  This court's pretrial scheduling order requires identification of all governmental witnesses no later than seven days prior to trial.  Thus, information concerning plea agreements and inducements is also to be made available prior to trial.  The Government has indicated it will comply with that order.  Earlier disclosure is not required.

IT IS, THEREFORE, RECOMMENDED that defendant's motion to reveal the identity of confidential sources and informants and plea agreements and/or inducements given be denied. [215]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days.  If additional time is needed, a motion for an extension of time must be filed within ten days.  The motion should state the reasons for the request.  See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983).  Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

2

Dated this 26th day of March, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3

Case 2:06-cr-04002-BCW   Document 394   Filed 03/26/07   Page 3 of 3